4895-9532-4144/574-1571

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TTEC SERVICES CORPORATION, :

Plaintiff, :

–against– :

JETSON ELECTRIC BIKES, LLC, :

Defendant. :

------------------------------------------------------------X

**24 CV 7401**

**COMPLAINT**

Plaintiff demands a jury trial.

Plaintiff TTEC Services Corporation ("TTEC") respectfully submits the following Complaint against Defendant Jetson Electric Bikes, LLC ("Jetson")

## INTRODUCTION

1. This is an action for money damages which TTEC sustained at the hands of Jetson due to Jetson's failure and refusal to abide by its binding contractual commitments to TTEC.

## JURISDICTION, PARTIES, AND VENUE

2. TTEC is a Nevada corporation having its principal place of business at 6312 S. Fiddlers Green Circle, Suite 100N, Greenwood Village, Colorado 80111.

3. TTEC, both directly and through subsidiaries, provides business process outsourcing services and designs, builds, and operates omnichannel contact center technology, conversational messaging, and automation and analytics solutions for various corporations.

4. TTEC is the survivor of a merger with First Call Resolution, LLC dba FCR ("FCR"), formerly a Colorado limited liability company, a full-service provider of customer experience, consulting, and related solutions, and is FCR's successor by merger. In this Complaint, TTEC and FCR will be used interchangeably.

5. Jetson is a New York limited liability company having its principal place of business, upon information and belief, at 86 34th Street, Unit 4, Brooklyn, NY 11232-2006.

6. Upon information and belief, no member of Jetson is a citizen of Nevada or Colorado.

7. Upon information and belief, Jetson sells electric bikes, scooters, and hoverboards in New York and other states.

8. This court has jurisdiction under 28 U.S.C. § 1332 because the amount in the controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) arising out of the forum selection clause, section 29 of the Master Services Agreement dated September 16, 2021 between Jetson and FCR.

## GENERAL ALLEGATIONS

10. TTEC hereby incorporates by this reference all preceding paragraphs of this Complaint as though fully set forth herein.

### A. The Agreement Between FCR and Jetson.

11. Jetson and FCR entered into a written agreement having an effective date of September 16, 2021, which the parties referred to as a "Master Services Agreement" ("MSA"), the terms of which are incorporated by reference herein as if attached hereto, under which FCR was to provide outsourced live agent call center and business process outsourcing services for Jetronic.

12. The MSA provided, among other things, that it would have a two-year term beginning September 16, 2021, and that it would automatically renew for successive one-year

terms, unless either party notified the other of its intent not to renew no later than thirty days prior the end of the current term. MSA, ¶ 1 at 1.

13. The MSA also provided that either party may terminate it with sixty days prior notice, at their sole option and convenience, but that TTEC would be paid for all work performed through the date of termination. *Id.* at ¶ 1.

14. The MSA also provided that TTEC "will have the option, in its sole discretion, to either suspend the Services or terminate this Agreement if [Jetson] fails to pay undisputed amounts owing to FCR under this Agreement when due and Client fails to cure such failure within ten (10) days after receipt of written notice from FCR." *Id.* at ¶ 1.

15. The MSA also provided that Jetson "understood and agreed FCR will be compensated for the work to be performed under this Agreement as articulated in its attached Exhibit A. FCR shall provide monthly invoices with information on charges and work incurred for the previous month. [Jetson] shall have thirty (30) days from the date of electronic delivery or postmark of invoice to remit payment to FCR." *Id.*, ¶ 2 at 2.

16. The MSA provided that "All payments not received within thirty (30) days of the due date shall be subject to a 1% delinquency charge. Interest will accrue thereafter at a rate of one and one-half percent (1.0%) [*sic*] per month until paid, or the maximum amount allowed by law, whichever is less." MSA, ¶ 22 at 5.

17. The MSA also provided that "If the Agreement is referred to an attorney by FCR for enforcement, [Jetson] will pay FCR reasonable attorney's fees, including such fees incurred either with or without suit, including any appeal to an appellate court, and all other legal expenses. [Jetson] will reimburse FCR upon demand the amount of all expenses reasonably incurred by FCR as a result of [Jetson's] failure to comply with this Agreement." *Id.* at ¶24.

18. On December 31, 2023, FCR merged into TTEC.

19. FCR duly notified Jetson that it was being acquired by TTEC.

20. TTEC is the successor to FCR's rights against Jetson under the MSA.

**B. Jetson's Breaches of Its Contractual Commitments Under the MSA.**

21. FCR has at all times duly performed its responsibilities to Jetson under the MSA.

22. On December 31, 2023, TTEC issued invoice 4934-4934-202312 to Jetson in the amount of $72.752.86 for services rendered, payment of which was due on January 30, 2024. Exhibit A.

23. To date, Jetson has failed to remit payment for invoice 4934-4934-202312.

24. On February 9, 2024, TTEC issued invoice 4934-4934-202401 to Jetson in the amount of $63,054.43 for services rendered, payment of which was due on March 10, 2024. Exhibit A.

25. To date, Jetson has failed to remit payment for invoice 4934-4934-202401.

26. On March 7, 2024, TTEC issued invoice 4934-4934-202402 to Jetson in the amount of $50,917.67 for services rendered, payment of which was due on April 6, 2024. Exhibit A.

27. To date, Jetson has failed to remit payment for invoice 4934-4934-202402.

28. On April 17, 2024, TTEC issued invoice 4934-4934-202403 to Jetson in the amount of $44,094.63 for services rendered, payment of which was due on May 17, 2024. Exhibit A.

29. To date, Jetson has failed to remit payment for invoice 4934-4934-202403.

30. On May 10, 2024, TTEC issued invoice 4934-4934-202404 to Jetson in the amount of $32,483.12 for services rendered, payment of which was due on June 9, 2024. Exhibit A.

31. To date, Jetson has failed to remit payment for invoice 4934-4934-202404.

32. On or around May 17, 2024, TTEC Agility Vice President Scott Fessler contacted Jetson CEO Josh Sultan [in writing?] inquiring about the status of the unpaid invoices.

33. On or around May 20, 2024, Mr. Sultan responded [in writing?] that Jetson "was terminating the contract as the business is no longer operating."

34. On May 30, 2024, TTEC issued invoice 4934-4934-202405 to Jetson in the amount of $81,485.71 for services rendered, payment of which was due on June 29, 2024. Exhibit A.

35. To date, Jetson has failed to remit payment for invoice 4934-4934-202405.

36. On June 12, 2024, TTEC sent Jetson a letter demanding that Jetson immediately remit payment in the amount of $344,788.42 plus interest to TTEC for services provided as required by the MSA. TTEC also rejected Jetson's right to terminate the contract without 60 days' notice, and insisted that TTEC has the right to collect any and all fees owed during the 60-day period.

37. Counsel for Jetson acknowledged receipt of the June 12, 2024 letter but did not dispute or otherwise respond to the contents of the letter.

38. To date, Jetson failed to satisfy its obligations under the MSA by failing to remit payment in the amount of $344,788.42 plus interest to TTEC for all services provided

39. To date, TTEC provided services to Jetson under the MSA by performing various tasks provided for thereunder, including but not limited to providing customer support.

40. TTEC therefore fulfilled its obligations under the MSA.

41. Jetson thereafter failed and refused to perform its obligations under the MSA by willfully withholding the payments to which TTEC was entitled.

42. TTEC has incurred and will continue to incur significant internal and external costs, both direct and consequential, in relation to Jetson's material breaches of the MSA.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

43. TTEC hereby incorporates by this reference all preceding paragraphs of this Complaint as though fully set forth herein.

44. TTEC substantially performed its duties and obligations under the MSA.

45. Jetson committed material breaches of its duties and obligations to TTEC under the MSA.

46. TTEC has suffered and continues to suffer damages as a result of Jetson's breaches.

47. As a direct and proximate result of Jetson's breaches, TTEC has been damaged in an amount to be determined at trial of no less than $344,788.42, in addition to pre- and post-judgment interest and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

48. TTEC hereby incorporates by this reference all preceding paragraphs of this Complaint as though fully set forth herein.

49. The MSA contained implied covenants of good faith and fair dealing which required of Jetson honesty in fact and the observance of reasonable commercial standards.

50. Jetson's conduct following the execution of the MSA breached the implied covenant of good faith and fair dealing.

51. As a direct and proximate result of Jetson's breaches, TTEC has been damaged in an amount to be determined at trial of no less than $344,788.42, in addition to pre- and post-judgment interest and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(Unjust Enrichment)**

52. TTEC hereby incorporates by this reference all preceding paragraphs of this Complaint as though fully set forth herein.

53. At the expense of TTEC, Jetson received, *inter alia*, the benefits of TTEC's performance under the MSA described above and related tasks to the extent such related tasks were not contemplated specifically by the MSA.

54. Jetson engaged in wasteful, misleading, deceitful, or otherwise improper conduct that would make it unjust for it to retain the above benefits without repaying said benefits to TTEC.

55. TTEC has been damaged thereby in an amount to be determined at trial of no less than $344,788.42, in addition to pre- and post-judgment interest and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Account Stated)**

56. TTEC hereby incorporates by this reference all preceding paragraphs of this Complaint as though fully set forth herein.

57. Jetson accepted the invoices attached as Exhibit A as correct.

58. Jetson did not object to any of the invoices attached as Exhibit A.

59. TTEC has stated an account to Jetson.

60. TTEC has been damaged in an amount to be determined at trial of no less than $344,788.42, in addition to pre- and post-judgment interest and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TTEC Services Corp., respectfully requests that the Court enter judgment in its favor and against Defendant Jetson Electric Bikes, LLC, as follows for damages

of $344,788.42, together with delinquency charges, interest, TTEC's reasonable attorneys' fees and other expenses, including but not limited to the fees of expert witnesses, costs, and disbursements.

Dated: New York, New York
October ##, 2024

LESTER SCHWAB KATZ & DWYER, LLP
100 Wall Street
New York, NY 10005
212 964-6611
Attorneys for Plaintiff
TTEC SERVICES CORPORATION

______________________________
Dennis M. Rothman

HALL & EVANS LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
303 628-3418

______________________________
Matthew J. Hegarty[1]

[1] To be admitted pro hac vice.